# EXHIBIT "A"

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| | |
|---|---|
| Adventist Health System Sunbelt Healthcare Corporation  )  <br>*Plaintiff*  ) <br>v.  ) <br> ) <br>RxCrossroads, LLC d/b/a CoverMyMeds, LLC  ) <br>*Defendant*  ) | Civil Action No. 6:22-CV-880-PGB-LHP |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Payspan, Inc. c/o Registered Agent Robert Booth 7751 Belfort Parkway, Suite200 Jacksonville, FL 32256

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

| Place: See attached "Exhibit A" for options | Date and Time: 21 days from receipt of subpoena |
|---|---|

❏ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/23/2023

_____   OR   _____
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

CLERK OF COURT

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Plaintiff
_____, who issues or requests this subpoena, are:
Joshua Bachman, 301 E. Pine St., Suite 1400, Orlando, FL 32801, joshua.bachman@gray-robinson.com, 407-843-8880

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____
_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

Case 6:22-cv-00880-PGB-LHP   Document 28-1   Filed 05/15/23   Page 4 of 8 PageID 165

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action(Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
    **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
    **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
      **(i)** is a party or a party's officer; or
      **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
    **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
    **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
    **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
    **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
      **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
      **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
    **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
      **(i)** fails to allow a reasonable time to comply;
      **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
      **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
      **(iv)** subjects a person to undue burden.
    **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
    **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
      **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
      **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
    **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
    **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
    **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
    **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
      **(i)** expressly make the claim; and
      **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# **EXHIBIT A**

YOU MAY PRODUCE THE DOCUMENTS REQUESTED IN THE FOLLOWING MANNER:

1. At a mutually convenient location to be agreed upon;

2. By mailing hard copies of the documents to Joshua Bachman, GrayRobinson, P.A., 301 East Pine Street, Suite 1400, Orlando, FL 32801;

3. By mailing a flash drive containing copies of the documents to Joshua Bachman, GrayRobinson, P.A., 301 East Pine Street, Suite 1400, Orlando, FL 32801; or

4. By emailing copies of the documents to Joshua Bachman at joshua.bachman@gray-robinson.com.

## **Definitions**

"AdventHealth" means Adventist Health System Sunbelt Healthcare Corporation, includes its employees, agents, officers, directors, subsidiaries and related entities, including Rx Plus Pharmacy and Expedien Rx Pharmacies.

"RxCrossroads" means RxCrossroads, LLC d/b/a Covermymeds LLC, includes its employees, agents, members, managers, officers, directors, subsidiaries, parent company, and related entities.

"Payspan" means Payspan Inc., includes its employees, agents, officers, directors, subsidiaries, parent company, and related entities.

"Outstanding Reimbursements" means patient copy reimbursements due or other amounts due to AdventHealth that Payspan or RxCrossroads paid and issued to a third party or that were otherwise not received by AdventHealth, including the following:

| Approximate Date Payment Issued | Payment Amount |
|---|---|
| 03/06/2021 | $73,789.79 |
| 03/20/2021 | $70,888.01 |
| 04/03/2021 | $80,972.84 |

| | |
|---|---|
| 04/17/2021 | $75,925.53 |
| 05/01/2021 | $67,406.27 |
| 05/15/2021 | $65,494.71 |
| 05/29/2021 | $60,337.13 |
| 06/12/2021 | $69,484.02 |
| 06/26/2021 | $54,587.02 |

## **Documents to Produce**

Unless specified otherwise, you shall produce the following documents for the period of April 1, 2020 through the date of production (the "Relevant Period"):

1. All agreements between AdventHealth and Payspan that were in effect between January 1, 2020 through the date of production.

2. All drafts and copies of any written agreements between RxCrossroads and Payspan that were in effect between January 1, 2020 through the date of production.

3. All documents and communications showing payments made to AdventHealth by ACH or wire transfer.

4. All documents and communications showing payments made to AdventHealth by check.

5. All documents and communications showing payments made to AdventHealth by any other method.

6. All documents and communications showing prescription reimbursement copays processed for AdventHealth.

7. All documents and communications related to any suspicious or unauthorized access or login to Payspan, Inc.'s or RxCrossroads' payment systems that resulted in the diversion of funds or payments due to AdventHealth to a third party.

8. All documents and communications related to any suspicious or unauthorized access of or login to AdventHealth's account with Payspan, Inc. or RxCrossroads.

9. All documents and communications related to any payments of the Outstanding Reimbursements or other payments due to AdventHealth made by Payspan to any third party between January 1, 2020 through the date or production, including all financial records showing payments made to the third party, such as wiring instructions used to make payments to the third party, cancelled checks, and bank statements showing Automated Clearinghouse (ACH) or wire transfers to the third party.

10. All documents and communications showing or relating to the identity of any third party that received any portion of the Outstanding Reimbursements or other payments due to AdventHealth, including name, username, email address, physical address, phone number, and account information.

11. All documents and communications showing or relating to the identity of any third party that accessed, modified, or viewed any account associated with or purportedly associated with AdventHealth, including name, username, email address, physical address, phone number, and account information.

12. All documents and communications related to any investigation into the payment of the Outstanding Reimbursements.

13. All documents and communications related to any investigation or research into any unauthorized or suspicious activity on any account associated with or purportedly associated with AdventHealth.

14. All documents and communications between RxCrossroads and Payspan, Inc. regarding the Outstanding Reimbursements.

15. All documents and communications between Payspan and AdventHealth regarding the Outstanding Reimbursements.

16. All documents and communications between Payspan and any other person or entity regarding the Outstanding Reimbursements.

17. All documents, logs, and communications related to the creation of any account for AdventHealth.

18. All logs reflecting activity on any Payspan account registered using the username Paul.Rathbun, or email address paul.rathbun@outlook.com.

19. All logs reflecting activity on any Payspan account registered using an email with the domain adventhealth.com.

20. All logs reflecting activity on any Payspan account registered or purportedly registered to AdventHealth.

21. All documents showing any account security policies or protocols implemented by Payspan related to any account associated with or purportedly associated with AdventHealth.

22. All documents demonstrating Payspan implemented appropriate account security policies or protocols to avoid unauthorized access to any account associated with AdventHealth.

23. All documents demonstrating Payspan implemented appropriate account security policies or protocols to avoid fraudulent activity on any account associated with or purportedly associated with AdventHealth.