# EXHIBIT "C"

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Adventist Health System Sunbelt Healthcare Corporation,

               Plaintiff,

v.

Rx Crossroads, LLC d/b/a CoverMyMeds, LLC

               Defendant.

Case No. 6:22-cv-880-PGB-LHP

**PAYSPAN, INC.'S OBJECTIONS AND RESPONSES TO
PLAINTIFF'S NON-PARTY SUBPOENA DUCES TECUM**

Pursuant to Fed. R. Civ. P. 45, Payspan, Inc. ("Payspan"), a non-party to this action, by its attorneys, hereby provides the following objections and responses to the subpoena duces tecum (the "Subpoena") of Plaintiff Adventist Health System Sunbelt Healthcare Corporation ("Plaintiff").

**Instructions and Definitions**

1. Payspan objects to the definition of "Payspan" on the grounds that (1) it seeks information that is neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence and (2) requests documents that are not within its possession, custody, or control.

2. Payspan objects to the definition of "Outstanding Reimbursements" on the grounds that it seeks information that is neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence.

3. Payspan objections to the definition of "Relevant Period" on the grounds that it seeks information that is neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence.

2

4. Payspan objects to the Subpoena on the grounds that it fails to allow reasonable time for compliance in light of the broad scope of discovery sought by the Subpoena.

5. Payspan objects to providing copies of documents to Plaintiff's counsel in the absence of satisfactory arrangements for reimbursement for the cost of making and providing such copies.

6. If Payspan, in response to any Request, inadvertently produces documents or information that are or may be the subject of any of its objections, such production is not intended to be and shall not be deemed to be a waiver of objections with respect to such documents or any withheld documents. Payspan reserves its right to demand the return of all copies of such documents.

7. Payspan reserves the right to supplement, modify, or add to its Responses and Objections to the Subpoena.

## Objections and Responses to Document Requests

### Request No. 1

All agreements between AdventHealth and Payspan that were in effect between January 1, 2020 through the date of production.

### Objections and Response to Request No. 1

Payspan objects to Request No. 1 on the grounds that (1) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (2) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (3) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, and (4) it contains requests that are duplicative of Request Nos. 3, 4, 5, and 6.

### Request No. 2

All drafts and copies of any written agreements between RxCrossroads and Payspan that were in effect between January 1, 2020 through the date of production.

**Objections and Response to Request No. 2**

Payspan objects to Request No. 2 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll drafts and copies of any written agreements," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it seeks certain documents that likely can be obtained directly from the Defendant in this litigation, and (5) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure.

**Request No. 3**

All documents and communications showing payments made to AdventHealth by ACH or wire transfer.

**Objections and Response to Request No. 3**

Payspan objects to Request No. 3 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, (5) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (6) it contains requests that are duplicative of Request Nos. 1, 4, 5, and 6.

**Request No. 4**

All documents and communications showing payments made to AdventHealth by check.

**Objections and Response to Request No. 4**

Payspan objects to Request No. 4 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, (5) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (6) it contains requests that are duplicative of Request Nos. 1, 3, 5, and 6.

**Request No. 5**

All documents and communications showing payments made to AdventHealth by any other method.

**Objections and Response to Request No. 5**

Payspan objects to Request No. 5 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, (5) it calls for documents

that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (6) it contains requests that are duplicative of Request Nos. 1, 3, 4, and 6.

**Request No. 6**

All documents and communications showing prescription reimbursement copays processed for AdventHealth.

**Objections and Response to Request No. 6**

Payspan objects to Request No. 6 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, (5) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (6) it contains requests that are duplicative of Request Nos. 1, 3, 4, and 5.

**Request No. 7**

All documents and communications related to any suspicious or unauthorized access or login to Payspan, Inc.'s or RxCrossroads' payment systems that resulted in the diversion of funds or payments due to AdventHealth to a third party.

**Objections and Response to Request No. 7**

Payspan objects to Request No. 7 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it is vague and ambiguous, particularly with respect to it

6

seeking documents related to "suspicious" or "unauthorized" access, (3) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (4) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, (5) it seeks certain documents that likely can be obtained directly from the Defendant in this litigation, (6) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (7) it contains requests that are duplicative of Request Nos. 8, 11, 13, 17, 18, 19, 20, 21, 22, and 23.

**Request No. 8**

All documents and communications related to any suspicious or unauthorized access of or login to AdventHealth's account with Payspan, Inc. or RxCrossroads.

**Objections and Response to Request No. 8**

Payspan objects to Request No. 8 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it is vague and ambiguous, particularly with respect to it seeking documents related to "suspicious" or "unauthorized" access, (3) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (4) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, (5) it seeks certain documents that likely can be obtained directly from the Defendant in this litigation, (6) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (7) it contains requests that are duplicative of Request Nos. 7, 11, 13, 17, 18, 19, 20, 21, 22, and 23.

**Request No. 9**

All documents and communications related to any payments of the Outstanding Reimbursements or other payments due to AdventHealth made by Payspan to any third party between January 1, 2020 through the date or production, including all financial records showing payments made to the third party,

such as wiring instructions used to make payments to the third party, cancelled checks, and bank statements showing Automated Clearinghouse (ACH) or wire transfers to the third party.

**Objections and Response to Request No. 9**

Payspan objects to Request No. 9 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (5) it contains requests that are duplicative of Request Nos. 10, 12, 14, 15, and 16.

**Request No. 10**

All documents and communications showing or relating to the identity of any third party that received any portion of the Outstanding Reimbursements or other payments due to AdventHealth, including name, username, email address, physical address, phone number, and account information.

**Objections and Response to Request No. 10**

Payspan objects to Request No. 10 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections

recognized by the Federal Rules of Civil Procedure, and (5) it contains requests that are duplicative of Request Nos. 9, 12, 14, 15, and 16.

**Request No. 11**

All documents and communications showing or relating to the identity of any third party that accessed, modified, or viewed any account associated with or purportedly associated with AdventHealth, including name, username, email address, physical address, phone number, and account information.

**Objections and Response to Request No. 11**

Payspan objects to Request No. 11 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (5) it contains requests that are duplicative of Request Nos. 7, 8, 13, 17, 18, 19, 20, 21, 22, and 23.

**Request No. 12**

All documents and communications related to any investigation into the payment of the Outstanding Reimbursements.

**Objections and Response to Request No. 12**

Payspan objects to Request No. 12 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it

calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (4) it contains requests that are duplicative of Request Nos. 9, 10, 14, 15, and 16.

**Request No. 13**

All documents and communications related to any investigation or research into any unauthorized or suspicious activity on any account associated with or purportedly associated with AdventHealth.

**Objections and Response to Request No. 13**

Payspan objects to Request No. 13 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it is vague and ambiguous, particularly with respect to it seeking documents related to "suspicious" or "unauthorized" access, (3) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (4) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (5) it contains requests that are duplicative of Request Nos. 7, 8, 11, 17, 18, 19, 20, 21, 22, and 23.

**Request No. 14**

All documents and communications between RxCrossroads and Payspan, Inc. regarding the Outstanding Reimbursements.

**Objections and Response to Request No. 14**

Payspan objects to Request No. 14 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it

seeks certain documents that likely can be obtained directly from the Defendant in this litigation, and (4) it contains requests that are duplicative of Request Nos. 9, 10, 12, 15, and 16.

**Request No. 15**

All documents and communications between Payspan and AdventHealth regarding the Outstanding Reimbursements.

**Objections and Response to Request No. 15**

Payspan objects to Request No. 15 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, and (4) it contains requests that are duplicative of Request Nos. 9, 10, 12, 14, and 16.

**Request No. 16**

All documents and communications between Payspan and any other person or entity regarding the Outstanding Reimbursements.

**Objections and Response to Request No. 16**

Payspan objects to Request No. 16 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, (5) it seeks certain documents that likely can be

obtained directly from the Plaintiff's own files, (6) it seeks certain documents that likely can be obtained directly from the Defendant in this litigation, and (7) it contains requests that are duplicative of Request Nos. 9, 10, 12, 14, and 15.

**Request No. 17**

All documents, logs, and communications related to the creation of any account for AdventHealth.

**Objections and Response to Request No. 17**

Payspan objects to Request No. 17 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents, logs, and communications," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it seeks certain documents that likely can be obtained directly from the Plaintiff's own files, (5) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (6) it contains requests that are duplicative of Request Nos. 7, 8, 11, 13, 18, 19, 20, 21, 22, and 23.

**Request No. 18**

All logs reflecting activity on any Payspan account registered using the username Paul.Rathbun, or email address paul.rathbun@outlook.com.

**Objections and Response to Request No. 18**

Payspan objects to Request No. 18 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll log reflecting activity on any Payspan account," (2) it seeks confidential or proprietary business

12

and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, and (3) it contains requests that are duplicative of Request Nos. 7, 8, 11, 13, 17, 19, 20, 21, 22, and 23.

**Request No. 19**

All logs reflecting activity on any Payspan account registered using an email with the domain adventhealth.com.

**Objections and Response to Request No. 19**

Payspan objects to Request No. 19 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll log reflecting activity on any Payspan account," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, and (4) it contains requests that are duplicative of Request Nos. 7, 8, 11, 13, 17, 18, 20, 21, 22, and 23.

**Request No. 20**

All logs reflecting activity on any Payspan account registered or purportedly registered to AdventHealth.

**Objections and Response to Request No. 20**

Payspan objects to Request No. 20 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll log reflecting activity on any Payspan account," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in

the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, and (4) it contains requests that are duplicative of Request Nos. 7, 8, 11, 13, 17, 18, 19, 21, 22, and 23.

**Request No. 21**

All documents showing any account security policies or protocols implemented by Payspan related to any account associated with or purportedly associated with AdventHealth.

**Objections and Response to Request No. 21**

Payspan objects to Request No. 21 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents," (2) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (3) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (4) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (5) it contains requests that are duplicative of Request Nos. 7, 8, 11, 13, 17, 18, 19, 20, 22, and 23.

**Request No. 22**

All documents demonstrating Payspan implemented appropriate account security policies or protocols to avoid unauthorized access to any account associated with AdventHealth.

**Objections and Response to Request No. 22**

Payspan objects to Request No. 22 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents," (2) it is vague and ambiguous, particularly with respect to it seeking protocols related to "avoid[ing]" access that is in some way "unauthorized," (3) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation

14

or protective order, (4) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (5) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (6) it contains requests that are duplicative of Request Nos. 7, 8, 11, 13, 17, 18, 19, 20, 21, and 23.

**Request No. 23**

All documents demonstrating Payspan implemented appropriate account security policies or protocols to avoid fraudulent activity on any account associated with or purportedly associated with AdventHealth.

**Objections and Response to Request No. 23**

Payspan objects to Request No. 23 on the grounds that (1) it is overly broad and unduly burdensome, particularly with respect to the breadth of documents potentially implicated by the use of "[a]ll documents," (2) it is vague and ambiguous, particularly with respect to it seeking documents related to "appropriate" policies or protocols to avoid "fraudulent" activity, (3) it seeks confidential or proprietary business and commercial documents without entry of a mutually satisfactory confidentiality stipulation or protective order, (4) it seeks documents that are neither relevant to the claims or defenses of any party in the above-captioned actions nor reasonably calculated to lead to the discovery of admissible evidence, (5) it calls for documents that may be subject to the attorney-client privilege or other privileges or protections recognized by the Federal Rules of Civil Procedure, and (6) it contains requests that are duplicative of Request Nos. 7, 8, 11, 13, 17, 18, 19, 20, 21, and 22.

DATED: February 9, 2023                     Payspan, Inc.,

                                            By its counsel

                                            *Joseph P. Rockers*
                                            Joseph P. Rockers (BBO # 625020)
                                            Goodwin Procter LLP
                                            100 Northern Ave
                                            Boston, MA 02210
                                            617-570-1000
                                            Email: jrockers@goodwinlaw.com

## **CERTIFICATE OF SERVICE**

      I, Joseph P. Rockers, hereby certify that on February 9, 2023, I caused a copy of the foregoing Objections and Responses to Plaintiff's Subpoena Duces Tecum to be served by email upon Joshua Bachman, GrayRobinson, P.A., 301 East Pine Street, Suite 1400, Orlando, FL 32801.

                                        *Joseph P. Rockers*
                                        Joseph P. Rockers (BBO # 625020)
                                        Goodwin Procter LLP
                                        100 Northern Ave
                                        Boston, MA 02210
                                        617-570-1000
                                        Email: jrockers@goodwinlaw.com